```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ILLINOIS
                  BENTON DIVISION
```

| | |
|---|---|
| **DONALD HUSE** | ) No. Civil |
| **PLAINTIFF** | ) |
| | ) 07-814-DRH-PMF |
| VS | ) |
| Thomas Cundiff | ) |
| Richard (Rick) Beasley | ) |
| Jeff Hutchinson | ) |
| Josh Dunnigham | ) |
| Carol Brown | ) |
| Dennis Pinkerton | ) |
| Dave Sweeney | ) |
| CJ Watts | ) |
| | ) |
| | ) |
| | ) |
| | ) JURY DEMAND |
| **DEFENDANTS** | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff, Donald Huse, by and through his attorney, Hugh Richard Williams, complaining of the Defendants herein, demands a jury trial and respectfully sets forth and alleges, upon information and belief as follows:

I.     **PRELIMINARY STATEMENT**

This lawsuit involves a willful and wanton battery received by Plaintiff, while he was in custody, in the Williamson County Jail, by the above named Defendants, all of whom where either law enforcement officers operating under the color of state law or jail staff operating under color of law. Federal and State laws prohibit the use of excessive force. What was done to Plaintiff amounted to a series of torture sessions. Staff at the Williamson County Jail also willfully denied Plaintiff access to his prescription medications.

Plaintiff's rights under the 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution were violated by the conduct of the Defendant's, thus violating Plaintiff's civil rights and being in violation of 42 U.S.C Section **1983,** 42 U.S.C. Section **1985,** as well as the causing the torts of Assault and Battery.

II.                             JURISDICTION

Jurisdiction is founded on the existence of a Federal Question. This action arises under 42 U.S.C 1983(Civil Action for Deprivation of Rights) and 42 U.S.C. 1985(3) (Conspiracy to Interfere with Civil Rights. This Court also has jurisdiction over Count 3 (Battery), Count 4 (Assault), under pendent jurisdiction (28 U.S.C. Section 1367(a).

III.                             VENUE

Venue is proper in this United States District Court for the Southern District of Illinois under 28 U.S.C. Section 1391(b) (1) as this action arises under the laws of the United States and each Defendant resides within the State of Illinois and within the Southern District of Illinois. Moreover, all of the events giving rise to the claims occurred within the Southern District of Illinois (28 U.S.C. Section 1391 (b) (2)).

  IV.  FACTS SUPPORTING PLAINTIFF'S CLAIMS

1) On or about August 30, 2006, Plaintiff was arrested for a serious felony.
2) Plaintiff was confined to Williamson County Jail from the time period of August 30, 2006 until January 13, 2007.
3) During the period of August 30, 2006 and January 13 2007, Plaintiff was assaulted and tasered at least ten times.

4) Jail staff, namely Nurse Fill in the Blank, denied Plaintiff his necessary medications.
5) Plaintiff's 4th, 5th, 6th, 8th, an 14th Amendment rights of the United States Constitution were violated by the conduct of the Defendant's, thus violating Plaintiff's civil rights and being in violation of 42 U.S.C Section **1983,** 42 U.S.C. Section **1985.**
6) No disciplinary action was ever taken against these officers by Sheriff Tom Cundiff.
7) All Defendant's were acting under the color of law while the offenses that are alleged in this complaint occurred.

**COUNT 1 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT TOM CUNDIFF**
8) Paragraphs 1-7 are incorporated by reference.
9) Defendant Cundiff was operating under the color of law at the time of these offenses alleged in Paragraphs 1-6.

**COUNT 2 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT RICHARD (RICK) BEASLEY**
10) Paragraphs 1-7 are incorporated by reference.
11) Defendant Beasley was operating under the color of law at the time of these offenses alleged in Paragraphs 1-6.

**COUNT 3- DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT RICHARD (RICK) BEASLEY**
12) Paragraphs 1-7 are incorporated by reference.

13) Defendant Beasley was operating under the color of law at the time of these offenses alleged in Paragraphs 1-6.

**COUNT 4 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT RICHARD JOSH DUNNIGHAM**

14) Paragraphs 1-7 are incorporated by reference.
15) Defendant Dunnigham was operating under the color of law at the time of these offenses alleged in Paragraphs 1-7.

**COUNT 5 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT CAROL BROWN**

16) Paragraphs 1-7 are incorporated by reference.
17) Defendant Brown was operating under the color of law at the time of these offenses alleged in Paragraphs 1-6.

**COUNT 6 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT DENNIS PINKERTON**

18) Paragraphs 1-7 are incorporated by reference.
19) Defendant Pinkerton was operating under the color of law at the time of these offenses alleged in Paragraphs 1-7.

**COUNT 7 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT C.J. WATTS**

20) Paragraphs 1-7 are incorporated by reference.
21) Defendant Watts was operating under the color of law at the time of these offenses alleged in Paragraphs 1-7.

**COUNT 8 - DAMAGES FOR VIOLATION OF 42 U.S.C SECTION 1983 BY DEFENDANT DAVID SWEENEY**

22) Paragraphs 1-7 are incorporated by reference.

23) Defendant Sweeney was operating under the color of law at the time of these offenses alleged in Paragraphs 1-7.

**COUNT 9-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT THOMAS CUNDIFF**

24) Paragraphs 1-7 are incorporated by reference.

25) Defendant Cundiff, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 10-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT RICHARD (RICK) BEASLEY**

26) Paragraphs 1-7 are incorporated by reference.

27) Defendant Beasley, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 11-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT JEFF HUTCHINSON**

28) Paragraphs 1-7 are incorporated by reference.

29) Defendant Hutchinson, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department, to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th

Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 12-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT JOSH DUNNIGHAM**

30) Paragraphs 1-7 are incorporated by reference.

31) Defendant Dunnigham, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department, to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 13-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT CAROL BROWN**

32) Paragraphs 1-7 are incorporated by reference.

33) Defendant Brown, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department, to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 14-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT DENNIS PINKERTON**

34) Paragraphs 1-7 are incorporated by reference.

35) Defendant Pinkerton, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 15-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT CJ WATTS**

36) Paragraphs 1-7 are incorporated by reference.

37) Defendant Watts, acting under the color of state law, conspired with other members of the

Williamson County Sheriff's Department, to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 16-VIOLATION OF 42 U.S.C. SECTION 1985 BY DEFENDANT DAVID SWEENEY**

38) Paragraphs 1-7 are incorporated by reference.

39) Defendant Sweeny, acting under the color of state law, conspired with other members of the Williamson County Sheriff's Department to deny Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, thus violating 42 U.S.C. Section 1985.

**COUNT 17- BATTERY AGAINST DEFENDANT RICHARD (RICK) BEASLEY**

40) Paragraphs 1-7 are incorporated by reference.

41) Defendant Beasley, operating under the color of law, saw fit to taser a non- resisting prisoner.

42) From the period of August 30, 2006 until January 13, 2007, Defendant Beasley participated in torture sessions which involved the Plaintiff. To whit, Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

43) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

44) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 18- BATTERY AGAINST DEFENDANT JEFF HUTCHINSON**

45)    Paragraphs 1-7 are incorporated by reference.

46) Defendant Hutchinson, operating under the color of law, saw fit to taser a non-resisting prisoner.

47) From the period of August 30, 2006 until January 13, 2007, Defendant Hutchinson participated in torture sessions which involved the Plaintiff. To whit,

Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

48) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

49) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 19- BATTERY AGAINST DEFENDANT JOSH DUNNIGHAM**

50) Paragraphs 1-7 are incorporated by reference.

51) Defendant Dunnigham, operating under the color of law, saw fit to taser a non- resisting prisoner.

52) From the period of August 30, 2006 until January 13, 2007, Defendant Dunnigham participated in torture sessions which involved the Plaintiff. To whit, Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

53) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

54) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 20- BATTERY AGAINST DEFENDANT CAROL BROWN**

55) Paragraphs 1-7 are incorporated by reference.

56) Defendant Brown, operating under the color of law, saw fit to taser a non- resisting prisoner.

57) From the period of August 30, 2006 until January 13, 2007, Defendant Brown participated in torture sessions which involved the Plaintiff. To whit, Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

58) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

59) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 21- BATTERY AGAINST DEFENDANT DENNIS PINKERTON**

60) Paragraphs 1-7 are incorporated by reference.

59) Defendant Pinkerton, operating under the color of law, saw fit to taser a non- resisting prisoner.

61) From the period of August 30, 2006 until January 13, 2007, Defendant Pinkerton participated in torture sessions which involved the Plaintiff. To whit, Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

62) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

63) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 22- BATTERY AGAINST DEFENDANT CJ WATTS**

64) Paragraphs 1-7 are incorporated by reference.

65) Defendant Watts, operating under the color of law, saw fit to taser a non- resisting prisoner.

66) From the period of August 30, 2006 until January 13, 2007, Defendant Pinkerton participated in torture sessions which involved the Plaintiff. To whit, Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

67) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

68) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 23- BATTERY AGAINST DEFENDANT DAVID SWEENEY**

69) Paragraphs 1-7 are incorporated by reference.

70) Defendant Sweeney, operating under the color of law, saw fit to taser a non- resisting prisoner.

71) From the period of August 30, 2006 until January 13, 2007, Defendant Sweeney participated in torture sessions which involved the Plaintiff. To whit, Defendant, along with the other named Defendants, with the exception of Thomas Cundiff repeatedly tasered and beat the Plaintiff.

72) Defendant's actions were the proximate cause of Plaintiff's injuries both mental and physical.

73) The touching was excessive, without permission, without legal justification, and offensive.

**COUNT 24- ASSAULT AGAINST DEFENDANT RICHARD (RICK) BEASLEY**

74) Paragraphs 1-7 incorporated by reference.

75) Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Beasley.

76) Plaintiff was injured due to the attack on him by Defendant Beasley and the other named Defendants with the exception of Defendant Cundiff.

77) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.

78) It was apparent to Plaintiff that Defendant Rinella had the present ability to carry out more harmful contact.

**COUNT 25- ASSAULT AGAINST DEFENDANT JAMES HUTCHINSON**

79) Paragraphs 1-7 incorporated by reference.

80) Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Hutchinson.

81) Plaintiff was injured due to the attack on him by Defendant Hutchinson.
82) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.
83) It was apparent to Plaintiff that Defendant Hutchinson had the present ability to carry out more harmful contact.

**COUNT 26- ASSAULT AGAINST DEFENDANT JOSH DUNNIGHAM**
84) Paragraphs 1-7 incorporated by reference.
85)  Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Dunnigham.
86) Plaintiff was injured due to the attack on him by Defendant Dunnigham.
87) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.
88) It was apparent to Plaintiff that Defendant Dunnigham had the present ability to carry out more harmful contact.

**COUNT 27- ASSAULT AGAINST DEFENDANT CAROL BROWN**
89) Paragraphs 1-7 incorporated by reference.
90)  Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Brown.
91) Plaintiff was injured due to the attack on him by Defendant Brown.
92) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.
93) It was apparent to Plaintiff that Defendant Brown had the present ability to carry out more harmful contact.

**COUNT 28- ASSAULT AGAINST DEFENDANT DENNIS PINKERTON**
94) Paragraphs 1-7 incorporated by reference.
95)  Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Pinkerton.
96) Plaintiff was injured due to the attack on him by Defendant Hutchinson.

97) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.
98) It was apparent to Plaintiff that Defendant Pinkerton had the present ability to carry out more harmful contact.

**COUNT 29- ASSAULT AGAINST DEFENDANT CJ WATTS**

99) Paragraphs 1-7 incorporated by reference.
100) Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Watts.
101) Plaintiff was injured due to the attack on him by Defendant Watts.
102) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.
103) It was apparent to Plaintiff that Defendant Watts had the present ability to carry out more harmful contact.

**COUNT 30- ASSAULT AGAINST DEFENDANT DAVID SWEENEY**

104) Paragraphs 1-7 incorporated by reference.
105) Plaintiff was in fear of even greater damage being done to him as a result of the excessive force used in the attack by Defendant Sweeney.
106) Plaintiff was injured due to the attack on him by Defendant Sweeney.
107) The actions against Plaintiff by Defendant were the proximate cause of Plaintiff's damages.
108) It was apparent to Plaintiff that Defendant Sweeny had the present ability to carry out more harmful contact.

**V. PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff, Donald Huse, prays this court enter judgment in his favor and against the Defendants as follows:
A. On Count 1 in that Thomas Cundiff violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C

Section 1988 **(b)**.
B. On Count 2 in that Rick Beasley violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.
**C.** On Count 3 in that Jeff Hutchinson violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.
**D.** On Count 4 in that Josh Dunnigham violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**E.** On Count 5 in that Carol Brown violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.
**F.** On Count 6 in that Dennis Pinkerton violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.
**G.** On Count 7 in that CJ Watts violated 42 U.S.C Section 1983 and award Plaintiff Two Million

Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**H.** On Count 8 in that Dave Sweeney violated 42 U.S.C Section 1983 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

I. On Count 9 in that Thomas Cundiff violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

J.  On Count 10 in that Richard (Rick) Beasley violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**K.** On Count 11 in that Jeff Hutchinson violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**L.** On Count 12 in that Josh Dunnigham violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**M.** On Count 13 in that Carol Brown violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**N.** On Count 14 in that Dennis Pinkerton violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**O.** On Count 15 in that CJ Watts violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**P.** On Count 16 in that Dave Sweeney violated 42 U.S.C Section 1985 and award Plaintiff Two Million Dollars ($2,000,000) damages, in addition to any other damages the court deems appropriate, court costs, and attorney's fees, pursuant to 42 U.S.C Section 1988 **(b)**.

**Q.** On Count 17 in that Richard (Rick) Beasley committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**R.** On Count 18 in that Jeff Hutchinson committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**S.** On Count 19 in that Josh Dunnigham committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**T.** On Count 20 in that Carol Brown committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**U.** On Count 21 in that Dennis Pinkerton committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

V.  On Count 22 in that CJ Watts committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

W. On Count 23 in that David Sweeney committed the tort of battery and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

 **X.** On Count 24 in that Richard (Rick) Beasley committed the tort of assault and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**Y.** On Count 25 in that Jeff Hutchinson committed the tort of assault  and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**Z.** On Count 26 in that Josh Dunnigham committed the tort of assault and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

**AA.** On Count 27 in that Carol Brown committed the tort of battery and award Plaintiff Two Hundred Thousand

($200,000) in damages in addition to any other damages the court deems appropriate.

**BB.** On Count 28 in that Dennis Pinkerton committed the tort of assault and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

CC.  On Count 29 in that CJ Watts committed the tort of assault and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

DD. On Count 30 in that David Sweeney committed the tort of assault and award Plaintiff Two Hundred Thousand ($200,000) in damages in addition to any other damages the court deems appropriate.

In addition to the above prayers for relief, Plaintiff asks the court to institute any remedies as the court may deem to be appropriate.

Respectfully submitted,
Daniel Huse, Plaintiff

By:   S/ Hugh Richard Williams
Hugh Richard Williams, #6279510
The Williams Law Firm
611 E. Park #I17
Carbondale, IL 62901-3804
618-303-3147
Email: hrwl997@gmail.com
Attorney for Plaintiff: Donald Huse