**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DONALD HUSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-814-DRH-PMF** |
| | ) | |
| **THOMAS CUNDIFF,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985(3) and for state torts of battery and assault.  Plaintiff seeks damages against the Defendants for using excessive force against him during his arrest and/or detention at the Williamson County Jail.  Specifically, Plaintiff contends that the Defendants "assaulted and tasered" him "at least ten times" between August 30, 2006, and January 13, 2007.  This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2),[1] which provides:

> (2)Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim upon which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1]It is not clear whether Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915A(c).  If Plaintiff is a "prisoner," then the complaint is reviewed pursuant to § 1915A which sets forth identical review standards.  If Plaintiff is not a "prisoner," then preliminary review is still proper under 28 U.S.C. § 1915(e)(2).  *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

28 U.S.C. § 1915(e)(2).  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Upon careful review of the complaint, which the Court finds to be somewhat confusing and deficient in some technical detail, as well as any supporting exhibits, the Court finds that the claims in the complaint may not be dismissed at this point in the litigation.

## DISPOSITION

Defendants **CUNDIFF, BEASLEY, HUTCHINSON, DUNNIGHAM, BROWN, PINKERTON, SWEENEY,** and **WATTS** are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**Dated this 27th day of November, 2007.**

/s/      DavidRHerndon
Chief Judge
United States District Court

2